IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| WILLIAM ENRIQUE MUNOZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:11-CV-145 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO DISMISS**
**PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a petition for a writ of habeas corpus challenging a May 28, 2010 prison disciplinary proceeding which resulted in the loss of 180 days of previously earned good time credits. The disciplinary proceeding took place at the Clements Unit in Potter County, Texas. As of the date the instant habeas application was filed, petitioner remains incarcerated in the Clements Unit.

In order to challenge a prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release and have received a punishment sanction which included forfeiture of previously accrued good time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). Petitioner fails to indicate the conviction for which he is presently confined. A review of the Offender Information Database maintained by the Texas Department of Criminal Justice, however, indicates petitioner is incarcerated pursuant to two 1997 convictions for aggravated sexual assault of a child.

In his habeas application, petitioner acknowledges he is not eligible for mandatory supervised release. Petitioner is correct—his two aggravated sexual assault convictions render him ineligible for mandatory supervised release. *See* Tex. Gov't Code § 508.149(a)(8). Therefore, even though petitioner lost previously earned good-time credit as a result of the disciplinary proceeding, he cannot challenge the adjudication by way of a federal petition for writ of habeas corpus because he is ineligible for mandatory supervised release. *See Malchi*, 211 F.3d at 958.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner WILLIAM ENRIQUE MUNOZ be DISMISSED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 13th day of July, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).